UNITED STATES of America,
Plaintiff–Appellee,

v.

Nelson GUZMAN, Defendant–Appellant.

No. 87–5047.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1988.

Decided June 16, 1988.

Joseph D. Allen, Santa Barbara, Cal., for defendant-appellant.

John S. Gordon, Asst. U.S. Atty., Santa Barbara, Cal., for plaintiff-appellee.

Before PREGERSON, BOOCHEVER and THOMPSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

Nelson Guzman challenges his conviction under 21 U.S.C. § 846 (1982) for conspiracy to possess with intent to distribute more than one kilogram of cocaine. He contends that there was insufficient evidence to support his conviction, and that the guilty verdict was inconsistent with his acquittal on charges under 21 U.S.C. § 841(a)(1) (1982) for possession of cocaine with intent to distribute. We affirm.

The evidence that Guzman conspired to possess cocaine with intent to distribute is sufficient if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the elements of the crime. *United States v. Sharif,* 817 F.2d 1375, 1377 (9th Cir.1987).

The evidence showed that on December 6, 1985, Daniel Serrano placed a

package in the trunk of his BMW, and that he then drove to an El Toro parking lot and met Guzman next to a Toyota van. After a brief conversation, the two men switched cars, with Guzman driving off in the BMW while Serrano followed in the van. Guzman led Serrano to downtown Los Angeles, and the men parked some distance apart. After two conversations at the van, both men walked to the BMW; Guzman drove the BMW to the van, dropping Serrano off and then parking. Guzman then brought the package from the BMW to a tractor-trailer rig with Florida plates. Serrano drove the van around to the front of the rig, and surveillance agents then saw Guzman's legs—along with those of Serrano and two other men—walking between the van and the rig. Guzman then drove away in the BMW. Serrano left in the van, which now contained cardboard boxes visible through the rear windows. A later search of the van discovered five boxes containing cocaine with a street value of approximately $26 million.

■ From the above evidence, a rational trier of fact could conclude that Guzman conspired with Serrano to possess cocaine with the intent to distribute. Where the evidence establishes that a conspiracy exists, only a slight connection to the conspiracy is necessary to convict a defendant of knowing participation in it. *United States v. Taylor*, 802 F.2d 1108, 1116 (9th Cir. 1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1309, 94 L.Ed.2d 164 (1987). Guzman's agreement to accomplish an illegal objective may be inferred from circumstantial evidence. *United States v. Kiriki*, 756 F.2d 1449, 1453 (9th Cir.1985). At trial, a government expert witness testified that a car switch is a common maneuver used by narcotics traffickers to prevent anyone from seeing an actual exchange of money or drugs. A jury could easily infer from the evidence that the package in the trunk of the BMW was money, to be exchanged for the drugs later placed in the back of the van, and that Guzman's involvement in every stage of the exchange supported a finding that he conspired to possess the cocaine with intent to distribute.

Guzman urges us to reach the same result as *United States v. Penagos*, 823 F.2d 346 (9th Cir.1987), in which this court reversed for insufficient evidence a conviction for conspiracy to possess narcotics with an intent to distribute. *Penagos* is readily distinguishable. In that case, the defendant acted only as a "passive bystander," *id.* at 347. Because his "behavior was perfectly consistent with an innocent person having no stake or interest in drug transactions," there was insufficient evidence that he "acted as a lookout or committed any act in furtherance of the conspiracy." *Id.* at 349–50. Given the numerous specific acts Guzman engaged in, all of which furthered the exchange of the package for cocaine, a jury could certainly conclude that his behavior was not consistent with innocence.

■ Nor must Guzman's conviction be reversed on the ground that the verdict of guilty on the conspiracy count is inconsistent with his acquittal on the charge of possession with intent to distribute. It was not essential to a conviction of conspiracy that Guzman himself possess the cocaine, as it was clear that Guzman's coconspirator Serrano had possession in furtherance of the conspiracy.

■ Even if the verdicts were inconsistent, that would not require reversal. "Inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal, provided there is sufficient evidence to support a guilty verdict." *United States v. Birges*, 723 F.2d 666, 673 (9th Cir.) *cert. denied*, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984). This court has articulated an exception to this rule: "[A] conviction of one defendant and acquittal of the other when the only evidence of culpability applies equally to both may violate due process unless there is an articulation of a rational basis for dissimilar treatment." *United States v. Marchini*, 797 F.2d 759, 765 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1298, 94 L.Ed.2d 145 (1987). Serrano was not acquitted but pled guilty to the possession charge in exchange for dismissal of the conspiracy charge. Finally, the First Cir-

cuit has held that "where the jury's verdict of not guilty ... constitute[s], in effect, a finding that none of the alleged overt acts took place," a guilty verdict on a conspiracy charge is plain error and must be reversed. *United States v. Morales*, 677 F.2d 1, 2 (1st Cir.1982). We agree with the First Circuit's statement of the law. The jury's verdict of not guilty on the possession count may indicate that it did not find beyond a reasonable doubt that Guzman actually carried the cocaine from the truck to the van, or that it found that Guzman's carrying of the cocaine did not constitute possession with intent to distribute. The acquittal does not constitute a finding that Guzman did not perform the other overt acts in furtherance of the conspiracy.

AFFIRMED.