892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ann Bertha HINOJOS, Defendant-Appellant.
 No. 88-5430.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Jan. 10, 1990.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ann Hinojos appeals her conviction following jury trial on charges of conspiracy to import marijuana, importation of marijuana, conspiracy to possess marijuana with intent to distribute, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 963, 841(a)(1), and 846, and 18 U.S.C. § 2. Hinojos contends on appeal that the evidence produced at trial was insufficient to support a conviction. Our review of this conviction is a deferential one; this court must affirm if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh'g denied, 444 U.S. 890, 100 S.Ct 195, 62 L.Ed.2d 126 (1979); United States v. Guzman, 849 F.2d 447 (9th Cir.1988).
 
 
 3
 The essential elements of the offense of importation are that the defendant (1) knowingly or intentionally (2) imported (3) marijuana. See 21 U.S.C. §§ 952, 960; United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975). Possession with intent to distribute requires proof that the defendant (1) knowingly (2) possessed the controlled substance (3) with the intent to distribute it. See 21 U.S.C. § 841; United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023, 107 S.Ct. 1909, 95 L.Ed.2d 515 (1987). A defendant is not guilty of possession unless she knew contraband was present and was capable of exercising dominion and control over it. United States v. Penagos, 823 F.2d 346, 350 (9th Cir.1987). Dominion and control may be demonstrated by proof of actual physical custody or of constructive possession. United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir.), cert. denied, 449 U.S. 1038, 101 S.Ct. 617, 66 L.Ed.2d 500 (1980). Both possession and knowledge can be established by circumstantial evidence. United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). Intent to distribute may be inferred from possession of a quantity of the drug consistent with planned distribution. See United States v. Perez, 491 F.2d 167, 170 (9th Cir.1974), cert. denied, 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1975).
 
 
 4
 The essential elements of a conspiracy are an agreement to accomplish an illegal objective, coupled with one or more acts in furtherance of the illegal purpose, and the requisite intent necessary to commit the underlying substantive offense. Penagos, 823 F.2d at 348. The agreement to accomplish an illegal objective may be inferred from circumstantial evidence. Guzman, 849 F.2d at 448. However, mere association with members of a conspiracy, or simple knowledge, approval of, or acquiescence in the object of the conspiracy, without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator. United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980). "It is not necessary to prove directly that a defendant knows of the existence of criminal acts in order to convict him of conspiracy. Such knowledge can be inferred from the defendant's actions and other circumstantial evidence in the case as a whole." United States v. Sanchez-Murillo, 608 F.2d 1314, 1318 (9th Cir.1979).
 
 
 5
 Even if Hinojos did not personally commit each element of a charged offense, she may be convicted if the evidence shows that she aided and abetted in a scheme to do so. See 18 U.S.C. § 2.; Mayes, 524 F.2d at 807. To be guilty of aiding and abetting, Hinojos must have participated in the venture as in something that she wished to bring about or must have sought by her action to make it succeed. Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 769, 93 L.Ed. 919 (1949).
 
 
 6
 Viewing the evidence in the light most favorable to the prosecution, we are unable to conclude that no rational jury could have found the elements of the charged offenses beyond a reasonable doubt. Although "a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle," United States v. Zamora-Corona, 465 F.2d 427, 428 (9th Cir.1972), in this case there is more evidence than Hinojos' mere presence in the vehicle containing 400.5 pounds of marijuana. The evidence presented to the jury demonstrated that Hinojos acted "too cool, plastic, rigid [and] too mechanical" when questioned by an immigration inspector at the port of entry. She did not appear to question or oppose co-defendant Hernandez when he fled the port of entry or during the police chase. When the car was completely stopped in heavy traffic during the chase, Hinojos made no effort to leave it. Significantly, Hinojos lied in telling the D.E.A. Agents during her interrogation that she and Hernandez went to Mexico in the white Chevrolet sedan and that she had not crossed the border previously that day. Finally, Hinojos had no personal identification in her possession when apprehended. On the basis of this circumstantial evidence, a reasonable jury could conclude that Hinojos knew of the marijuana in the trunk of the car, had constructive possession of it, and was involved in a scheme with Hernandez to possess and import the marijuana.
 
 
 7
 Hinojos argues that her conviction was supported by no more evidence than was presented against those defendants whose convictions this Court overturned in Arellanes v. United States, 302 F.2d 603 (9th Cir.), cert. denied, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); Bettis v. United States, 408 F.2d 563 (9th Cir.1969); United States v. Thomas, 453 F.2d 141 (9th Cir.1971), cert. denied, 405 U.S. 1069, 92 S.Ct. 1516, 31 L.Ed.2d 801 (1972); and United States v. Weaver, 594 F.2d 1272 (9th Cir.1979). We disagree. In each of those cases, this court could find no other credible evidence in support of the defendants' involvement than their mere presence in vehicles containing contraband. Here, a reasonable jury could have inferred knowing involvement in the importation scheme from Hinojos' behavior at the border and during the subsequent chase, from her lies to the D.E.A. agents, and from her lack of identification. Such actions constitute more than mere presence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3