983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Edward NORWOOD, Defendant-Appellant.
 No. 90-50010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Jan. 14, 1993.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Appellant was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), aiding and abetting an attempt to distribute cocaine in violation of 21 U.S.C. § 846, and illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, he urges reversal of his conviction, claiming that the district court improperly admitted a hearsay statement in violation of the Federal Rules of Evidence and the confrontation clause of the United States Constitution, and that his jury conviction for conspiracy was supported by insufficient evidence. We affirm.
 
 II.
 
 3
 During the course of the trial, Officer Barberic, of the Hawthorne Police Department, testified to the substantial quantity of cocaine base and the cocaine processing paraphernalia found in the apartment of appellant's brother, an alleged coconspirator. The Officer was then permitted to testify, over a hearsay objection, to the contents of a note which was found in that apartment.[1] The note itself was not offered into evidence at that time. Later in the course of the trial, the government offered exhibit 32, which contained the note in question. The whole exhibit 32 was admitted into evidence without objection by appellant.
 
 
 4
 Appellant first claims the admission of Officer Barberic's testimony regarding the note violated both the Federal Rules of Evidence and the Confrontation Clause. If the error resulting from the improper admission of evidence is harmless, however, we need not reach the issue. United States v. Moran, 759 F.2d 777, 786 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986); United States v. Martinez, 536 F.2d 886, 889 (9th Cir.1976), cert. denied, 429 U.S. 907 (1976). "Confrontation clause violations are [also] subject to harmless error analysis. Reversal is not required if 'the error was harmless beyond a reasonable doubt.' " United States v. Magana-Olvera, 917 F.2d 401, 409 (9th Cir.1990) (quoting Toolate v. Borg, 828 F.2d 571, 575 (9th Cir.1987)). An erroneous admission of evidence is harmless if it is more probable than not that the evidence did not affect the jury's verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989).
 
 
 5
 The message in the "Cookie" note, though somewhat ambiguous, does seem to point to appellant's involvement in drugs. But other compelling evidence of appellant's guilt was introduced at trial. As is discussed in more detail below, evidence of appellant's face-to-face drug sale to Officer Hillard, his countersurveillance activity in connection with other drug sales, and the presence of a firearm at the scene of his arrest strongly suggest appellant's participation in drug trafficking.
 
 
 6
 In view of the other substantial evidence against appellant, it is highly unlikely that Officer Barberic's testimony regarding the note affected the jury's verdict. It is significant to our harmless error analysis that appellant did not object to the admission of the note as part of exhibit 32. Little prejudice could result from Officer Barberic's reading of a note that was later itself admitted without objection. We therefore hold that any error in admitting the officer's testimony was harmless beyond a reasonable doubt.
 
 III.
 
 7
 Defendant also claims there was insufficient evidence connecting him to the conspiracy. Even without considering the note examined in part I of this memo, this assertion fails.
 
 
 8
 Because appellant did not move for judgment of acquittal pursuant to Fed.R.Crim.P. 29, his appellate attack on the sufficiency of the evidence cannot succeed unless he can show plain error or "a miscarriage of justice." United States v. Lancellotti, 761 F.2d 1363, 1367 (9th Cir.1985).
 
 
 9
 Proof of a conspiracy requires proof that there existed an agreement between two or more people to engage in criminal activity and that an overt act was committed in furtherance of the conspiracy. See United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989). Appellant does not dispute the adequacy of the evidence that a conspiracy existed; rather, he questions the sufficiency of the evidence connecting him to the conspiracy.
 
 
 10
 Once a conspiracy is proven, "evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is 'slight,' is sufficient to convict defendant of knowing participation in the conspiracy." United States v. Stauffer, 922 F.2d 508, 515 (9th Cir.1990); United States v. Guzman, 849 F.2d 447, 448 (9th Cir.1988).
 
 
 11
 The evidence in the record establishes more than a "slight" connection. Officer Jocelyn Hillard testified that appellant personally completed a controlled sale of rock cocaine to her for $300. During the course of this sale, appellant stated that "this isn't the normal dope spot." Appellant was transported to the point of sale by a man identified by Officer Cohen as (codefendant) Otis Peterson. Acting independently of Officer Hillard, DEA Special Agent Joel Jordan had completed three controlled buys of cocaine from Otis Peterson, and negotiated--but never completed--a further purchase involving one kilogram of cocaine.
 
 
 12
 There was also evidence that appellant was involved in drug sales made and attempted by other members of the conspiracy in a countersurveillance role. Appellant's vehicle, a red Pontiac Fiero, was observed by both Special Agent Jordan and Officer Cohen in what was described as countersurveillance activity during controlled drug buys. A license plate check of the vehicle run by Officer Cohen came back to appellant, and a search of the vehicle produced documents in appellant's name. Most significantly, there was direct testimony that it was the appellant who drove the countersurveillance vehicle. Officer Cohen testified that "I saw on [sic] the red Fiero being driven by Glenn Norwood enter the area where the deal was to go."
 
 
 13
 In light of this evidence, the jury's conviction cannot be said to constitute a "miscarriage of justice." Viewing the evidence in a light most favorable to the government, United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990), the evidence was sufficient to permit a reasonable trier of fact to find that Glenn Norwood conspired to distribute cocaine.
 
 IV.
 
 14
 Viewed in conjunction with the abundant record evidence supporting appellant's conviction, any error committed by the district court in permitting Officer Barberic to testify to the content of the "Cookie" note was harmless beyond a reasonable doubt. Appellant's insufficiency of evidence claim also fails. The judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The challenged testimony was as follows:
 By Ms. Lynch: Question: Would you please read the note?
 Answer. The note is written on a white piece of paper in blue ink and it states: "Anthony, I paged you twice but no answer. I went up to my daddy house. Glenn got '-- and then there is --' Glenn got two half ounce. One of these thing in powder. I will call you when I get ready to leave my daddy's house. Love, Cookie. 'P.S. Wendy got that $50. The money is on the t.v. Be back in a little while.' "