995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathy R. GREEN, Defendant-Appellant.
 No. 90-50612.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided June 9, 1993.
 
 Before KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The jury wasn't required to believe Green's innocent explanation for her conduct; the government put on "evidence that would allow a rational jury to conclude beyond a reasonable doubt that the [guilty] explanation [was] the correct one." United States v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir.1992). Green was caught with a suitcase containing $10 million worth of heroin. GER 30. A reasonable jury could have found that whoever put the heroin into the suitcase knew Green might easily discover it: The suitcase reeked of glue, which dripped from its edges, and uneven packing made the suitcase off-balance. GER 9, 17-18. From this, it would have been reasonable to conclude no one would entrust so valuable a cargo to an unwitting courier, who might well find it and turn it (and the shipper) in to the authorities.[1] And if Green knew of the heroin, there'd be no doubt she possessed it, whether or not she actually touched it.
 
 
 3
 Defendant Britton's acquittal is also of no help to Green. "Inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal, provided there is sufficient evidence to support a guilty verdict." United States v. Guzman, 849 F.2d 447, 448 (9th Cir.1988). Moreover, we note there's no inconsistency here: Britton could have been an unknowing courier while Green was a knowing one.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact the glue was runny by no means proves the heroin was put in en route. Glue may be runny for a number of reasons, but someone putting $10 million worth of cargo into a total stranger's suitcase is so improbable that a reasonable jury could easily have dismissed Green's theory