50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Ted NASH, Defendant-Appellant.
 Nos. 94-10243, 94-10254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided March 21, 1995.
 
 Before: TANG and O'SCANNLAIN, Circuit Judges, and MERHIGE, Senior District Judge.**
 MEMORANDUM***
 Nash was convicted on two counts of conspiracy to manufacture methamphetamine, and acquitted on one count of manufacturing methamphetamine. In addition, he pled guilty to a charge of failure to appear resulting from his flight after arrest on the conspiracy charges. He appeals his conviction on several grounds: failure to return his indictment in open court, insufficiency of the evidence, failure to prove a single overall conspiracy, inconsistent jury verdicts, refusal to give a requested jury instruction on voluntary intoxication. Nash also challenges his sentence, claiming the district court erred in applying the United States Sentencing Guidelines.
 I.
 Nash did not object to the manner in which his indictment was returned until almost four months after the conclusion of his trial and over seven months after pleading guilty to the failure to appear charge. Under Rule 12(f) of the Federal Rules of Criminal Procedure, "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof...." Federal Rule of Criminal Procedure 12(b)(2) provides that all "[d]efenses and objections based on defects in the indictment or information" must be made before trial. Rule 12(b)(2) goes on to state, however, that objections to the jurisdiction of the court may be raised "at any time during the pendency of the proceedings." Jurisdictional claims permitted under Rule 12(b) include allegations that "the applicable statute is unconstitutional or that the indictment fails to state an offense." United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989).
 Nash's claim is not a jurisdictional claim as he neither challenges the constitutionality of the statutes under which he was charged, nor does he claim that the indictment failed to state an offense. See United States v. Kahlon, 38 F.3d 467, 469 (9th Cir.1994). Because Nash objects to a procedural defect in the entry of the indictment, and he did not raise this defect until after trial, we conclude that Rule 12(b)(2) precludes him from raising this issue on appeal. Accordingly we decline to hear Nash's objection to the indictment proceedings.[1]
 II.
 Nash challenges generally the sufficiency of the evidence to support his count one conspiracy. He also contends that the evidence was insufficient to find one overall conspiracy.
 In reviewing a claim of insufficient evidence, the Court must reverse the conviction "if reviewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. James, 987 F.2d 648, 650 (9th Cir.1993) (internal quotation and brackets omitted).
 Under count one of the indictment, Nash was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 846.[2] The elements of conspiracy generally are: "(1) an agreement to accomplish an illegal objective, (2) the commission of one or more overt acts in furtherance of that purpose, and (3) the intent to commit the underlying substantive offense." United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990) (quoting United States v. Meyers, 847 F.2d 1408, 1412-13 (9th Cir.1988)). The Supreme Court recently held that "[i]n order to establish a violation of 21 U.S.C. Sec. 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 115 S.Ct. 382, 385 (1994). Thus, the government must prove only that Nash (1) entered into an agreement to accomplish an illegal objective (2) with the mental state necessary to commit the underlying substantive offense.[3]
 The prosecution is not required to show that the agreement was explicit; the jury may infer an implicit agreement from the facts and circumstances of the case. United States v. Loya, 807 F.2d 1483, 1488 (9th Cir.1987). "Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy." United States v. Teren-Palma, 997 F.2d 525, 536 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994); United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987); United States v. Taylor, 802 F.2d 1108, 1116 (9th Cir.1986), cert. denied, 479 U.S. U.S. 1094 (1987); United States v. Dunn, 564 F.2d 348, 357 (9th Cir.1977).
 It is sufficient if the acts and conduct of a defendant were of such character that the minds of reasonable men could conclude therefrom that an unlawful agreement or understanding existed, and that the defendant with knowledge of the existence of the unlawful enterprise, acted to further it.
 United States v. Knight, 416 F.2d 1181, 1184 (9th Cir.1969).
 Mere association with members of the conspiracy, or simple knowledge or approval of the unlawful purpose is insufficient. United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980). However, the defendant's presence combined with other evidence may support an inference of knowing involvement. Penagos, 823 F.2d at 348. Moreover, "[t]hose knowingly participating in the conspiracy in any respect or to any degree are guilty of that crime." Dunn, 564 F.2d at 356.
 There was clearly enough evidence at trial to demonstrate that a conspiracy to manufacture methamphetamine existed between John and Doug Lowe. Thus, the government had only to prove beyond a reasonable doubt that Nash had a slight connection to the conspiracy. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1382 (9th Cir.1991) (citing United States v. Hernandez, 876 F.2d 774, 779 (9th Cir.), cert. denied, 493 U.S. 863 (1989)). Based on Nash's interactions with the Lowes and his later conversations with Agent Rodriguez, we conclude that there was sufficient evidence connecting Nash with the conspiracy.
 As to the multiple conspiracies/single conspiracy issue, this issue usually arises where multiple defendants are jointly tried. See United States v. Martin, 4 F.3d 757 (9th Cir.1993). Where several defendants are tried together on one conspiracy but the evidence at trial shows more than one conspiracy, "there is a possibility of prejudicial variance between the indictment and the trial proof." United States v. Anguiano, 873 F.2d 1314, 1317 (9th Cir.), cert. denied, 493 U.S. 969 (1989). Reversal for variance is required only if the variance is prejudicial to the substantial rights of the parties. United States v. Kenny, 645 F.2d 1323, 1334 (9th Cir.), cert. denied, 452 U.S. 920 (1981). Because we conclude that there was sufficient evidence to support one overall conspiracy, we need not determine whether any variance was prejudicial in this case.
 The test to determine whether there was a single conspiracy, as opposed to multiple conspiracies, is "whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy." United States v. Arbelaez, 719 F.2d 1453, 1457 (9th Cir.1983) (internal quotations omitted), cert. denied, 467 U.S. 1255 (1984). The evidence at trial clearly showed that John and Doug Lowe were involved in one conspiracy to manufacture methamphetamine between 1986 and 1988 and that Nash was connected to this conspiracy. That different individuals may have participated with the Lowes at different times and in different laboratories is not inconsistent with the existence of a single overall conspiracy. United States v. Friedman, 593 F.2d 109, 117 (9th Cir.1979) (holding a single conspiracy may consist of sub-conspiracies and the fact that individual conspirators or groups of conspirators may have committed separate crimes or played different roles within the conspiracy is not inconsistent with the existence of a single overall conspiracy). Accordingly, we hold that the evidence was sufficient to support a finding of a single overall conspiracy between 1986 and 1988.
 III.
 We now turn to Nash's acquittal on count two of the indictment. Nash argues that in acquitting him on count two, the jury necessarily found no overt act of manufacturing in 1988. Thus, it is Nash's position that the acquittal both is inconsistent with a guilty verdict on the count one conspiracy and places his prosecution on count one outside the statute of limitations period for this offense. These contentions are without merit. This Court has clearly held that "inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal, provided there is sufficient evidence to support a guilty verdict." United States v. Guzman, 849 F.2d 447, 448 (9th Cir.1988) (quoting United States v. Birges, 723 F.2d 666, 673 (9th Cir.), cert. denied, 466 U.S. 943 (1984)); see United States v. Powell, 469 U.S. 57 (1984). Moreover, the United States Supreme Court has stated:
 inconsistent verdicts--even verdicts that acquit on a predicate offense while convicting on the compound offense--should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense.
 Powell, 469 U.S. at 65.
 As discussed above, there was sufficient evidence at trial to support a guilty verdict on count one. Accordingly, we conclude that the verdict of acquittal on count two does not mandate an acquittal on count one.
 Even if inconsistent verdicts were grounds for reversal, the guilty verdict in this case would stand because proof of an overt act is no longer required for conviction on a section 846 conspiracy. Shabani, 115 S.Ct. at 385.
 Neither does the count two acquittal place prosecution on count one outside the five year statute of limitations period.[4] The Supreme Court has held that there is no overt act requirement for conviction of drug conspiracy under 21 U.S.C. Sec. 846. Shabani, 115 S.Ct. at 385. In this regard, 21 U.S.C. Sec. 846 is analogous to the Sherman Anti-Trust Act, 15 U.S.C. Secs. 1 et seq., under which no overt act is required for a conviction for conspiracy. In examining a statute of limitations claim under the Sherman Act, this Court has held:
 While a Sherman Act conspiracy is technically ripe when the agreement to restrain is formed, it remains actionable until its purpose has been achieved or abandoned, and the statute of limitations does not run so long as the co-conspirators engage in overt acts designed to accomplish its objectives.
 United States v. Inryco, Inc., 642 F.2d 290, 293 (9th Cir.1981) (citing United States v. Kissel, 218 U.S. 601, 607-608 (1910)), cert. dismissed, 454 U.S. 1167 (1982).
 We reach the same conclusion as to prosecution under the drug conspiracy statute, 21 U.S.C. Sec. 846. The Supreme Court has held that conspiracy is a partnership in crime, and the statute of limitations on the prosecution of a conspiracy runs from the date of the "last overt act" which occurred during the existence of that conspiracy. Fiswick v. United States, 329 U.S. 211, 216 (1946). Moreover, since the overt act of one partner in the conspiracy is attributable to all the other partners in crime, Pinkerton v. United States, 328 U.S. 640, 647 (1945), it is logical that the overt act of any conspirator within the limitations period is sufficient to prosecute all other co-conspirators of that offense.
 There was ample evidence at trial of the continued existence of the conspiracy to manufacture methamphetamine and overt acts towards that goal in 1988, within the statute of limitations period. Consequently, we conclude that the prosecution of Nash on count one did not violate the five year statute of limitations.
 III.
 Regarding Nash's claim that the district court erred in refusing to give the requested voluntary intoxication instruction, there is a split of authority in the Ninth Circuit concerning whether the appellate court reviews a district court's decision not to give a proposed jury instruction on the defendant's theory of the case for abuse of discretion or de novo. United States v. Becerra, 992 F.2d 960, 963 (9th Cir.1993); United States v. Sneezer, 983 F.2d 920, 922 (9th Cir.1992), cert. denied, 114 S.Ct. 113 (1993). Because we conclude that even under the less deferential de novo standard, the district court did not err in refusing to give the requested instruction, we need not now decide the appropriate standard of review.
 Generally, a criminal defendant is entitled to a jury instruction on any theory that provides a legal defense to the charge against him and that has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility. United States v. Streit 962 F.2d 894, 899 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992). Where a defendant's requested instruction is supported by some evidence, a trial court's failure to give it is reversible error. United States v. Sotelo-Murillo, 887 F.2d 176, 178-78 (9th Cir.1989).
 It is clear that Nash had legal grounds to request the voluntary intoxication instruction. The crime of manufacturing methamphetamine under 21 U.S.C. Sec. 841(a)(1) is a specific intent crime. See United States v. Jewell, 532 F.2d 697, 698 (9th Cir.), cert. denied, 426 U.S. 951 (1976). To be convicted of conspiracy, the defendant must have the requisite intent necessary for the underlying offense. Litteral, 910 F.2d at 550. Thus, Nash was charged with a specific intent crime. Because voluntary intoxication may be a defense to a specific intent crime, Nash had a legal basis for seeking the instruction. See Sneezer, 983 F.2d at 922.
 However, Nash was not entitled to the instruction unless there was some foundation in the evidence to show his drug use made it impossible to form the requisite intent. United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988). He must have presented evidence both: (1) that he was intoxicated, and (2) that his intoxication precluded him from forming the specific intent necessary to commit the crime. United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987).
 Nash clearly presented "some evidence" of drug use; however, none of this evidence showed that his drug use precluded him from forming the specific intent necessary to commit the crime of conspiring to manufacture methamphetamine. Without evidentiary support in the record, the trial court was not bound to grant the voluntary intoxication instruction, and we conclude that its failure to do so was not reversible error.
 IV.
 Finally, Nash challenges his sentence based on both the two level enhancement for his leadership role and the two level enhancement for obstruction of justice. A district court's application and interpretations of the Sentencing Guidelines are reviewed de novo. United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993). Factual findings made in applying the Guidelines are reviewed for clear error. United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992) (citing United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990)).
 Nash first claims that the district court should not have given him a two level penalty enhancement for being a "leader, manager or supervisor" pursuant to section 3B1.1(c) of the United States Sentencing Guidelines. Because Nash owned the property used in the 1992 conspiracy and because of evidence that other members of the conspiracy reported to Nash, we conclude that it was not clearly erroneous for the district court to find that Nash played a leadership role in the 1992 conspiracy, with the others merely representing or assisting him.
 Nash also contends that the sentencing judge should not have given Nash both a two level offense increase for obstruction of justice based on his failure to appear pursuant to section 3C1.1 of the United States Sentencing Guidelines and a twelve month consecutive sentence for the failure to appear conviction. It is Nash's position that the failure to appear sentence and the two level increase constitute impermissible double counting and violate the Double Jeopardy Clause. U.S. Const. amend V.
 The Sentencing Guidelines provide a framework for sentencing where, as here, the defendant has been convicted of both an obstruction offense and the underlying offense. The Sentencing Guidelines instruct that under specific circumstances these two convictions should be grouped together. U.S.S.G. Sec. 2J1.6, comment (n. 3). "The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the two level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater." U.S.S.G. Sec. 3C1.1, comment (n. 6). Thus, a conviction for failure to appear will not increase the sentence for the underlying offense on which the defendant failed to appear unless the failure to appear offense level is higher.
 Pursuant to 18 U.S.C. Sec. 3146(b)(2), any sentence imposed for failure to appear must be imposed consecutively to any other sentence of imprisonment. Thus, in order not to exceed the guideline range for the underlying offense (plus the two levels for obstruction of justice), the court must separate out the portion of the total sentence corresponding to obstruction of justice and impose it consecutively. United States v. Pardo, 25 F.3d 1187 (3d Cir.1994).
 
 
 1
 For example, where the combined applicable guideline range for both counts is 30-37 months and the court determines a "total punishment" of 36 months is appropriate, a sentence of thirty months for the underlying offense plus a consecutive six months sentence for the failure to appear count would satisfy these requirements.
 
 
 2
 U.S.S.G. Sec. 2J1.6, comment (n. 3).
 
 
 3
 In this case, Nash's offense level, once adjusted up two levels for obstruction of justice, was 40. The judge then quite properly increased the level to 42 for Nash's leadership role. The guideline range for offense level 42 for someone with Nash's criminal history is 360 months to life. The court imposed a sentence of 248 months for the conspiracy counts and 12 months for the failure to appear charge, to be served consecutively, bringing his total sentence back to 360 months. This sentence follows precisely the procedure suggested by the Guidelines. In fact, the sentencing judge selected the bottom of the Guideline range and subtracted below that. Nash's total sentence (360 months) was the lowest sentence the district court could have given him under the Guidelines for the underlying offense alone. Accordingly, we conclude that the sentence imposed by the district court neither constituted impermissible double counting nor violated the Double Jeopardy Clause. See Pardo, 25 F.3d at 1194; United States v. Wright, 891 F.2d 209, 212 (9th Cir.1989) (holding the Double Jeopardy Clause " 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended' ") (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)).
 
 
 4
 Based on the foregoing, the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Nash had not procedurally forfeited his right to appeal the alleged defect in his indictment, this claim would not warrant reversal because any error committed in returning the indictment in closed session is harmless. See United States v. Lennick, 18 F.3d 814 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994)
 
 
 [2]
 21 U.S.C. Sec. 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
 
 
 [3]
 The government asserts that its theory of the case on this count was that Nash was guilty of aiding and abetting the Lowes' conspiracy, and the government's brief argues that the evidence was sufficient on each of the elements of aiding and abetting. Nash disagrees with this characterization of the government's case and notes that no aiding and abetting instruction was given. Nash argues that the sufficiency of the evidence should be tested against the elements for the crime of conspiracy to manufacture methamphetamine. Because we conclude that there was sufficient evidence at trial to sustain a guilty verdict on the crime of conspiracy, we do not address whether the government may now argue that its theory was aiding and abetting
 
 
 [4]
 Title 18 U.S.C. Sec. 3282 states, in relevant part:
 No person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.