97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter Sands WHITELOW, Petitioner-Appellant,
v.
Samuel SUBLETT; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 96-15527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Sands Whitelow, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Whitelow contends that his conviction was an inconsistent verdict and thus must have been based on his race. The jury convicted Whitelow of one count of attempted sexual assault, but could not reach a verdict on another count and acquitted Whitelow on five other counts. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Even if the verdict is inconsistent, it is well established that inconsistency is not a sufficient ground on which to attack a guilty verdict, provided there is sufficient evidence to support that verdict. See United States v. Guzman, 849 F.2d 447, 448 (9th Cir.1988); see also United States v. Powell, 469 U.S. 57, 64-65 (1984); United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir.1995). "In reviewing a sufficiency of the evidence challenge, we must decide 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt.' " Rhoden v. Rowland, 10 F.3d 1457, 1461 (9th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 Here, the victim heard suspicious noises at 4:00 am and upon investigation found Whitelow, wearing a stocking mask, in her living room. Whitelow attacked the victim, pushed her into her bedroom and began beating her head against the floor. He repeatedly attempted to penetrate her but was unable to achieve an erection. During the attack, the victim hid Whitelow's pager under her mattress. After the attack, the victim ran to a gas station, called the police and described her attacker as a chubby black man wearing a green tee shirt, white shorts, and high top sneakers. The victim told police that her attacker may have been the maintenance man at her apartment complex. Ten minutes after her call, Whitelow was spotted by the police in the victim's apartment complex wearing a green tee shirt, white shorts and high top sneakers. Whitelow told police that he was the former maintenance man at the complex and that he had lost his pager. Whitelow then positively identified Whitelow as her assailant. A stocking mask was found in Whitelow's car. The pager was owned by Whitelow's employer.
 
 
 5
 The above evidence is sufficient to support Whitelow's conviction for attempted sexual assault. Accordingly, the district court's order is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3